UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ibrahime D., | No. 26-cv-1046 (KMM/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Ibrahime D.'s Petition for a Writ of Habeas Corpus. [Dkt. 1.] For the reasons below, the Court grants the habeas petition.

**Background**

Ibrahime D. is a citizen of Guinea. [*Id.* ¶ 1.] He has lived in the United States since January 2024, when he was arrested upon entry and released shortly afterwards under an order of release on recognizance (OREC). [*Id.* ¶¶ 1–3.] Ibrahime D. timely filed an asylum application, which is currently pending. [*Id.* ¶ 6.] He has no criminal history, and there is no evidence that he is subject to a final removal order. [*See id.* ¶¶ 6–7.]

On February 2, 2026, Ibrahime D. was arrested by immigration authorities after his Individual Calendar Hearing. [*Id.* ¶ 7.] He was not presented with a warrant for his arrest. [*See id.* ¶¶ 7–8.] Nor is there evidence that Ibrahime D. was the subject of a judicial or administrative warrant or that he has been afforded a bond hearing. [*See id.* ¶ 8.] And, according to Ibrahime D., Respondents have failed to identify any violation of the conditions of his OREC that would justify his current detention. [*Id.* ¶ 10.] Respondents' position is that Ibrahime D. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2),

1

despite his pending asylum application, and they point to no other statutory or legal basis for his detention. [*See* Dkt. 5 at 2, 5–8.]

**Analysis**

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases and by many courts in this district. And the fact that Ibrahime D. has a pending asylum application does not change the analysis. *See Mayamu K. v. Bondi*, 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025) (stating that the petitioner was not "arriving or seeking lawful entry into the country when detained," and "[t]hat Petitioner is in asylum proceedings does not alter th[e] analysis"); *see also Segundo*

*P. v. Lyons*, 2026 WL 92854, at *3 (D. Minn. Jan. 13, 2026) ("Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States[.]") (quotation omitted); *Iishaar-Abdi v. Klang*, 2025 WL 3764853, at *2 n.2 (D. Minn. Dec. 30, 2025) ("[A]s other courts have recognized, the filing of an asylum application by Petitioner does not affect the Court's analysis.") (citing cases).

Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. Respondents also point out that the underlying legal issue is pending before the Eighth Circuit and that they wish to preserve their position for appeal. Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Ibrahime D. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. The government has not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, nor has the government produced one to the Court. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed*

3

*M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same).

The Court agrees with the reasoning of these cases. Despite the Court seeking a specific response on this issue in the Order to Show Cause [Dkt. 3 ¶ 2e], Respondents point to neither a warrant supporting the applicability of § 1226(a) to Ibrahime D., nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Ibrahime D.'s Petition for a Writ of Habeas Corpus [Dkt. 1] is **GRANTED**.
2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.
3. The Court **ORDERS** Respondents to immediately release Ibrahime D. **with all of his personal effects seized during his arrest, including but not limited to immigration paperwork, and without conditions**. Because the Court previously ordered that Petitioner be returned to Minnesota [Dkt. 3], the Court assumes he is here and orders that he be released in Minnesota immediately, within 24 hours of this Order.
4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release certifying the date, time, and

location of Petitioner's release. If Ibrahime D. has not been released as previously ordered, Respondents should immediately notify the Court of when he will be released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 8, 2026                    *s/Katherine M. Menendez*
                                          Katherine M. Menendez
                                          United States District Judge

5